United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO NANCLARES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RPM MORTGAGE, INC., <br><br> Defendant. | Case No. 16-cv-07188-HSG <br><br> **ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** <br><br> Re: Dkt. No. 17 |

On November 10, 2016, Plaintiffs Francisco Nanclares, Carl Knecht, David Glaser, Antonio Ruggerio, and Brian Byrne filed this putative class action against Defendant RPM Mortgage, Inc. in the Superior Court of California, County of Alameda. Class Action Complaint, Dkt. No. 1, Ex. A. ("Compl."). The complaint includes causes of action for common law fraud and violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq. Id.* ¶¶ 43–64.[1] On December 15, 2016, Defendant filed its notice of removal, asserting that removal was proper under 28 U.S.C. § 1441(b) because the Court allegedly had subject matter jurisdiction under 28 U.S.C. § 1331 (federal question). Dkt. No. 1 ("Notice") ¶¶ 1, 3–51. On January 19, 2017, Plaintiffs filed their motion for remand, which is fully briefed and pending before the Court. Dkt. No. 17.[2]

There are two ways that a case may arise "aris[e] under" federal law for the purpose of 28

---

[1] The complaint also asserts a Third Cause of Action for unjust enrichment. Compl. ¶¶ 65–66. Although California does not recognize "a standalone cause of action for unjust enrichment," courts may under certain circumstances construe allegations of unjust enrichment "as a quasi-contract claim seeking restitution." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (internal quotation marks omitted). The Court need not address whether such a construction would be appropriate here because Defendant does not argue that the Third Cause of Action provides a basis for federal question jurisdiction.

[2] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

U.S.C. § 1331. *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); *Gunn v. Minton*, 568 U.S. 251, 257 (2013). "Most directly, a case arises under federal law when federal law creates the cause of action asserted." *Gunn*, 568 U.S. at 257. "[T]his 'creation' test admits of only extremely rare exceptions . . . ." *Id.* Where the cause of action is asserted under state law, the Supreme Court has "identified a 'special and small category' of cases in which arising under jurisdiction still lies." *Id.* at 258 (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 699 (2006)). Such a rare case must satisfy the following four-part test:

> [F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Where all four of these requirements are met, . . . jurisdiction is proper because there is a "serious federal interest in claiming the advantages thought to be inherent in a federal forum," which can be vindicated without disrupting Congress's intended division of labor between state and federal courts.

*Id.* (quoting *Grable*, 545 U.S. at 313).

Here, the Court lacks federal question jurisdiction under 28 U.S.C. § 1331. Plaintiffs allege no federal cause of action. Moreover, their fraud and UCL claims do not meet the four-part test that must be satisfied to find that state law causes of action arise under federal law. The "necessarily raised" prong is not satisfied because Plaintiffs could prevail on their UCL and fraud claims without relying on federal law. *See Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 675 (9th Cir. 2012) ("When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." (quoting *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996))); *see also Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1043 (9th Cir. 2003) ("[Plaintiff] does not have to rely on a violation of [federal law] to bring a UCL claim in California state court. He merely has to allege that Defendants' conduct was either unfair or fraudulent."). In addition, the "substantial" prong is not met because the federal issues presented are not sufficiently important as to "the federal system as a whole." *See Gunn*, 568 U.S. at 275 at 260; *see also Pangilinan v. Downey Sav. & Loan Ass'n*, No. C-11-2016 EMC, 2011 WL 2837587, at *4 (N.D. Cal. July 18, 2011) ("There is nothing to

2

indicate, for instance, that the resolution of any TILA question would be 'controlling in numerous other cases.' . . . Indeed, the complaint in the instant case indicates that any TILA question would likely be 'fact-bound and situation-specific.'" (quoting *Empire HealthChoice*, 547 U.S. at 700)).[3] Finally, the assertion of federal question jurisdiction would "disrupt[] the federal-state balance approved by Congress." *See Gunn*, 568 U.S. at 275 at 260; *see also Nevada*, 672 F.3d at 676 ("Here, unlike in *Grable*, exercising federal question jurisdiction would have more than a 'microscopic effect on the federal-state division of labor.' State courts frequently handle state-law consumer protection suits that refer to or are predicated on standards set forth in federal statutes. Exercising federal question jurisdiction over any state law claim that references a federal consumer protection statute would 'herald a potentially enormous shift of traditionally state cases into federal courts.'" (quoting *Grable*, 545 U.S. at 315) (internal citations and brackets omitted)); *Merriman-Van Vactor v. Wells Fargo Bank, N.A.*, No. CV 13-2310-CAS (PJWx), 2013 WL 3053014, at *2 (C.D. Cal. June 14, 2013) ("Permitting all suits with state law claims that merely reference federal statutes or regulations to be heard in federal court could lead to an impermissible shift in the federal-state balance.") Therefore, the Court holds that Plaintiffs' state-law causes of action do not arise under federal law.[4]

Accordingly, removal of this case was inappropriate because it could not have been filed originally in federal court. *See* 28 U.S.C. § 1441(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Since the Court lacks subject matter jurisdiction over this action, remand is required. *See* 28 U.S.C. § 1447(c); *Nevada*, 672 F.3d at 665. However, the

---

[3] The Court is unpersuaded by Defendant's argument that the federal issues are "substantial" because the federal statutory and regulatory provisions at issue are "relatively new and have not yet been interpreted by federal courts." *See* Dkt. No. 22 ("Opp.") at 18. The Supreme Court and Ninth Circuit have rejected this argument as a consideration in assessing whether federal question jurisdiction exists. *See Nevada*, 672 F.3d at 675 ("We do not believe the question whether a particular claim arises under federal law depends on the novelty of the federal issue." (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 817 (1986))).

[4] The Court declines to reach the "actually disputed" prong, given that its findings as to each of the other three prongs independently bar federal question jurisdiction. *See Gunn*, 568 U.S. at 257 (requiring satisfaction of all four prongs). Furthermore, the Court rejects Defendant's arguments based upon the "artful pleading doctrine," *see* Opp. at 6–11, because that doctrine "does not permit defendants to achieve what they are trying to accomplish here: to rewrite a plaintiff's properly pleaded claim in order to remove it to federal court." *See Rains*, 80 F.3d at 344.

Court declines Plaintiffs' request for attorney fees under § 1447(c) because Defendant's arguments asserting federal question jurisdiction under the four-part test from *Gunn* and *Gable*, while unpersuasive, are not objectively unreasonable. *See* Notice ¶¶ 21–51; Opp. at 11–20; *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."); *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) ("[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted.").

For the foregoing reasons, the Court hereby **GRANTS** Plaintiffs' motion to remand the case to the Superior Court of California, County of Alameda. The clerk shall remand the case forthwith and close the case.

**IT IS SO ORDERED.**

Dated: 8/22/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge